NATHAN F. CAMP, plaintiff in error, vs. MATHESON & OHARA, and others, defendants in error.

*Where a creditor takes goods from his debtor on sale, in satisfaction of the debt, with a condition that the debt shall be re-opened and be collected if the goods should be taken away from him by older liens against the debtor, the creditor will not be enjoined, even before the condition has happened, so long as older liens remain outstanding, and the condition, therefore remains in possibility, from putting his debt into judgment, in order to be in readiness to meet the condition to the best advantage whenever it may happen. He does no wrong, and will not be restrained, until he attempts to enforce his judgment.*

In Equity, in Butts Superior Court. Decision by Judge CABANISS, at chambers, 8th October, 1858.

This was a bill filed by Nathan F. Camp, alleging, in substance, that complainant, as the successor of N. F. & J. B. Camp, merchants, was indebted to Matheson & Ohara, Cameron, Webb & Co., James E. Speer, and Bridges, Dygart, & Orrell, in the aggregate, amounting to about two thousand one hundred dollars; that being in embarrassed cirstances, and unable to meet promptly his debts one Alexander Allmong presented himself as the agent of the above named creditors, and demanded payment of the debts, or that some arrangement should be made for their liquidation or settlement; that not being able to pay said debts by cash, and there being other large demands against him, some in judgment, he and said Allmong, as the agent of the above named creditors, entered into the following agreement, viz:

GEORGIA, BUTTS County.

This agreement entered into this the sixteenth day of June, 1856, between Nathan F. Camp, of the county and State aforesaid, and Alexander A. Allmong, attorney at law, and agent in fact, for William Matheson & William Ohara, merchants and partners under the firm name of Matheson & Ohara, George H. Cameron, William S. Webb, and Wil-

liam M. Sage, merchants and partners, under the firm name of Cameron, Webb & Co., and James E. Speer; all of the city of Charleston, in the State of South Carolina; and also of Bridges, Dygart & Orrell, of the city of New York, and such other demand against the said Nathan F. Camp existing, as to make the sum of $5,095 25. Witnesses that the said Nathan F. Camp, for and in consideration of the sum of money, in the nature of principal interest and cost of suit now pending, due on the said several described promissory notes, has this day bargained and sold, and by these presents doth bargain and sell unto the said Alexander A. Allmong, attorney and agent as aforesaid, all his stock in trade, goods, wares and merchandize now in his store in Jackson, Butts county, at cost of said goods. And the said Nathan F. Camp further agrees (that inasmuch as there are executions to a very considerable amount outstanding, which may seize and consume the before described goods, stock in trade, wares and merchandise) to warrant and defend the title thereto, and in the event of their being legally appropriated to older and superior claims, that the before described claims represented by the said Alexander A. Allmong, shall continue in full force and effect, be prosecuted to judgment and execution, and otherwise satisfied, as if this agreement had never been made. And the said Alexander A. Allmong, on his part, hereby agrees to accept and receive the herein before described stock in trade, goods, wares, and merchandise for, and at the sum of $5,095 25, the same being the aggregate of his said claims, in full satisfaction and payment of said demands, upon the condition herein before named and specified.

June 16th, 1856.

   (Signed)            N. F. CAMP, [SEAL.]

                       A. A. ALLMONG, [SEAL.]

                              Agent and att'y.

Signed and acknowledged in the presence of

J. R. McCord, *J. P.*

Camp vs. Matheson & Ohara, et al.

The bill further states, that in pursuance of said agreement, complainants turned over and delivered said stock of goods to the agent of defendants, who took possession of the same and has sold some twelve or fifteen hundred dollars worth of said goods; that the meaning and understanding of the parties were, and such is the true construction of the said agreement, that after paying the demands of the defendants amounting to about twenty-one hundred dollars, the remainder of the $5,095 25, agreed to be paid for said goods, should be paid and applied by said Allmong, as agent aforesaid, to other debts and demands against complainant.

The bill further states, that the judgments existing at the time of said sale, has since been levied upon other property of complainant, and the same has been sold at a sacrifice, and that said Allmong has failed to pay and apply said remainder, or any part thereof, to said judgments, or to any other demands against complainant, and complainant charges that the defendants do not intend to comply with their contract with him above set out. The bill further charges, that "said defendants have been fully paid," and although they have said goods still in their hands, and under their control, yet they still hold their demands against complainants, and part of which are in suit, and they refuse to deliver up said notes.

The bill prays that defendants be decreed to pay to complainant the amount in their hands, remaining of the $5,095 25, after paying their demands of about $2,100 00; that defendants be restrained from paying any debts against complainant, and if any have been paid by them, that they answer and set forth what amounts; and that an injunction do issue, restraining defendants from trading the notes and demands held by them against complainant, and that the same be delivered up; that the suits thereon be enjoined; that they be enjoined and restrained from selling or removing said goods, and that the Sheriff of the county

Camp vs. Matheson & Ohard, et al.

be ordered and directed to take charge of and hold the same, &c.

The Chancellor refused to sanction the bill and to grant the injunction. To which decision, counsel for complainant excepted, and assigned the same as error.

BAILEY; and DOYAL, represented by GIBSON, for plaintiff in error.

. FLOYD; and PEEPLES, contra.

By the Court.—STEPHENS J. delivering the opinion.

To state this case is to decide it. The complainant entered into a written contract with the agent of the defendants, selling them his stock of goods for the sum of $5,095 25, which he owed to these defendants, together with other creditors, all of whom were represented by the same agent, the agent stipulating to accept the goods in full satisfaction of the debts, unless the goods should be taken away from his principals by existing liens, and the complainant stipulating that if they should be so taken away, these debts represented by the agent, should not be considered as satisfied, but should be open against him, and might proceed to collection. This was his bargain as exhibited by himself in the writing. His complaint is, that this was not the bargain. An inspection of the paper renders the question too clear for hesitation. The whole complaint is, that the defendants are doing, and the whole prayer is, that they may be restrained from doing, precisely what he agreed they should do. It is needless to make specifications. The only part of the case which bears any plausibility, is the allegation that the defendants are proceeding to collect their debts. (which were satisfied by the sale of the goods) by suit; and the prayer that they may be restrained from proceeding with their suits. The contract was, that these claims were satisfied

by the sale, unless the goods should be taken by the older liens, and it is not stated that the goods had been so taken. The argument is, that the claims yet remain satisfied, as the condition on which they were to be turned loose again for collection, has not happened. The answer is, in the first place, that to make this point good, it ought to be affirmatively alleged, that the goods had *not* been taken from the defendants. But, in the next place, he has no right to have the suits stopped before the claims are put into judgment. The defendants, on the contrary, have a right to reduce their claims to judgment, in order to have them in a form, to be immediately collected, whenever the condition happens on which the collection was to take place. It is not averred (but the contrary is inferable from the bill) that the happening of that condition has become impossible, by the payment of all older liens. So long as it remains possible, the defendants have a right to put themselves in readiness to meet it to the best advantage. So long as they keep within the limits of this discreet preparation, as they will do until they attempt to enforce their judgments, they are doing nothing wrong, and nothing from which they should be restrained. We sustain the Judge in refusing his sanction to this bill.

Judgment affirmed.